**SO ORDERED.**

**SIGNED this 4 day of February, 2016.**

_Stephani W. Humrickhouse_
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

___

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| KATHERINE BUNN MARON | 14-03960-5-SWH |
| DEBTOR | |
| MICHAEL WALSTON | |
| Plaintiff | ADVERSARY PROCEEDING NO. |
| v. | 14-00052-5-SWH-AP |
| KATHERINE BUNN MARON | |
| Defendant. | |

### ORDER REGARDING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The matter before the court in this adversary proceeding is the defendant debtor's motion for partial summary judgment on her counterclaim against the plaintiff. The plaintiff initiated this adversary proceeding seeking a determination that the debt owed to him by the defendant debtor is nondischargeable. The defendant debtor's counterclaim seeks a declaratory judgment that any

amount of the debt determined to be nondischargeable should be credited by monetary obligations owing to her by the plaintiff. A hearing was held on October 27, 2015.

**BACKGROUND**

The plaintiff, Michael Walston (the "plaintiff"), and the defendant, also the debtor in the underlying bankruptcy case, Katherine Bunn Maron (the "defendant"), were formerly married, and have two minor children together. This is not the first court proceeding in which the parties have participated against one another – and in fact, each hold separate claims against the other arising out of prior litigation in state court. The plaintiff's claim against the defendant stems from a civil action in Wake County District Court, File No. 12-CVD-11877, in which the plaintiff was awarded $25,400.00 in damages against the defendant, plus costs and interest (the "Civil Action").[1] The plaintiff initiated the Civil Action to recover damages resulting from the defendant's actions in allegedly causing baseless criminal charges to be brought against the plaintiff on multiple occasions. The balance on the Civil Action claim as of the time of filing the adversary proceeding was $27,704.84, with interest accruing at the rate of $5.58 per day.

The defendant also holds a claim against the plaintiff arising out of a domestic court matter in Wake County, File No. 11-CVD-7638 (the "Domestic Matter"), in the amount of at least $10,755.33. As memorialized in a March 7, 2013 consent order entered in the Domestic Matter, the plaintiff was ordered to pay the defendant a tax debt and reimburse her for an intercepted tax return in the amount of $6,660.33, payable in monthly installments ("Tax Obligation"). The parties dispute

---

[1] Judgment in favor of the plaintiff was entered in the Civil Action on March 3, 2014.

when the plaintiff defaulted on the Tax Obligation,[2] but agree that the plaintiff owes the defendant at least $4,690.33 on the obligation. Additionally, the plaintiff was ordered to pay the defendant child support in the amount of $270.00 per month ("Child Support Obligation"). The parties agree that the plaintiff was $4,400.00 in arrears on the Child Support Obligation on the date the defendant filed for bankruptcy, July 9, 2014. Between the petition date and the date of the defendant's answer and counterclaim on January 30, 2015, the plaintiff paid only $225.00, creating an additional post-petition child support arrearage of $1,395.00. The plaintiff and the defendant have each claimed that their respective recoveries are exempt from collection efforts.

On November 5, 2014, the plaintiff initiated the instant adversary proceeding, seeking a determination that the Civil Action claim is a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(6). The defendant filed her answer on January 30, 2015, which included a counterclaim for a declaratory judgment that, to the extent the plaintiff's claim is nondischargeable, it should be subject to a setoff by the amounts owing to the defendant arising from the Domestic Matter. On August 31, 2015, the defendant filed a motion for partial summary judgment as to her counterclaim. The defendant argues that allowing setoff would promote efficiency and prevent inequitable enforcement of the plaintiff's Civil Action claim. Further, the defendant asserts that setoff is proper under North Carolina law. In response, the plaintiff opposes summary judgment on the ground that the Civil Action claim is exempt as compensation for personal injury pursuant to N.C. Gen. Stat. § 1C-1601(a)(8), and as exempt property, it is not subject to being reduced by setoff.

---

[2]The defendant claims that the last payment on the Tax Obligation was made in September 2013; the plaintiff claims he paid through October 2013.

**DISCUSSION**

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In making this determination, conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Summary judgment is not a "disfavored procedural shortcut," but an important mechanism for filtering out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327. "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Id. at 323. Summary judgment should not be granted "unless the moving party has established his right to a judgment with such clarity as to leave no room for controversy." Portis v. Folk Constr. Co., 694 F.2d 520, 522 (8th Cir. 1982) (internal quotations omitted).

Section 553 of the Code incorporates and preserves the right of setoff to the extent that such a right is recognized by non-bankruptcy law. Citizens Bank of Md. v. Strumpf, 516 U.S. 16, 18 (1995); Durham v. SMI Indus. Corp., 882 F.2d 881, 883 (4th Cir. 1989); Collier on Bankruptcy ¶ 553.01[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). North Carolina recognizes the right of setoff where mutual debts exist between the parties. Durham, 882 F.2d at 883; In re Ingersoll, 90 B.R. 168, 172 (Bankr. W.D.N.C. 1987); Coburn v. Carstarphen, 194 N.C. 368, 139 S.E. 596, 597 (1927). Such a right "only exists between the same parties, and in the same right." In re Bank of Sampson, 205 N.C. 333, 171 S.E. 436, 437 (1933) (quoting Adams v. Bank, 113 N.C. 332, 18 S.E. 513, 514 (1893)). As a result, setoff is not permitted if one claim is owned jointly and the other

owned severally, or if the debts accrued in different rights. In re Britton, 83 B.R. 914, 918 (Bankr. E.D.N.C. 1988). "Where . . . only two parties are involved with respect to both the claim and the debt and each of [sic] parties is acting severally and in its own right and not as a fiduciary or other representative capacity, the mutuality requirement of section 553 is easily met." Ivey v. Hunter Acquisitions, Inc. (In re Carolina Acoustical and Flooring, Inc.), Adv. Pro. No. 07-2032, 2008 WL 2369599, at *5 (Bankr. M.D.N.C. June 10, 2008).

In addition to showing availability of setoff under state law, § 553 provides certain requirements for setoff that must be satisfied as well:

> (1) The creditor holds a "claim" against the debtor that arose before the commencement of the case;
> (2) The creditor owes a "debt" to the debtor that also arose before the commencement of the case;
> (3) The claim and debt are "mutual"; and
> (4) The claim and debt are each valid and enforceable.

Collier ¶ 553.01[1]; see also Ivey v. Hunter Acquisitions, Inc. (In re Carolina Acoustical and Flooring, Inc.), 415 B.R. 186, 191 (Bankr. M.D.N.C. 2009). Although the precise language of § 553 speaks only to the right of creditors to offset debts, setoff by the debtor is also permitted. In re Surtronics, Case No. 13-05672-8-SWH, slip op. at 3 (Bankr. E.D.N.C. Dec. 5, 2013); Nat'l Flour Co. of Wisc., Inc. v. Martin (In re Martin), 130 B.R. 930, 939 (Bankr. N.D. Ill. 1991); Collier ¶ 553.03[7][a].

With regard to the defendant's argument as to setoff of the amounts due and owing under the Child Support Obligation, the court need look no further than North Carolina law. There is a lack of mutuality with respect to the plaintiff's Civil Action claim and the defendant's Child Support Obligation. See Boyles v. Boyles, 70 N.C. App. 415, 420, 319 S.E.2d 923, 927 (1984). In Boyles, the court explicitly rejected the defendant's right to a setoff of its alleged overpayment of child

support against the plaintiff's claim for alimony, stating simply that "[t]he suit for alimony inures to the benefit of the wife, while child support is for the child even though paid to the spouse for proper disbursement." Id.; see also Carolina Acoustical and Flooring, Inc., 2008 WL 2369599, at *5 (a party is not acting in its own right, and mutuality requirement is not met, if a party is acting in a fiduciary or other representative capacity); Hart v. Hart (In re Hart), 50 B.R. 956, 962 (Bankr. D. Nev. 1985) (no right to setoff against future child support payments, but basing ruling on determination that such debt was not "absolutely owing" due to state court's continuing jurisdiction to modify the obligation). Because the Child Support Obligation may not be setoff against the Civil Action claim under North Carolina law, it is immaterial whether the requirements of § 553 are satisfied.

The court now turns to the defendant's setoff argument as to the Tax Obligation. First, the court notes the general rule – recognized both in North Carolina and amongst bankruptcy courts – that setoff is not available when it would defeat a debtor's exemption rights. Edgerton v. Johnson, 218 N.C. 300, 10 S.E.2d 918, 919 (1940); In re Laues, 90 B.R. 158, 162 (Bankr. E.D.N.C. 1988); see also In re Hinderks, Case No. L89-00126C; 1989 WL 434164, at *6 (Bankr. N.D. Iowa May 26, 1989) (citing Laues, and finding that "[t]his conclusion is in accord with virtually every other court faced with the issue of a creditor attempting to reach exempt property through set-off."); Commerce Union Bank v. Haffner (In re Haffner), 12 B.R. 371, 372 (Bankr. M.D. Tenn. 1981).

The plaintiff urges that the Civil Action claim is exempt pursuant to N.C. Gen. Stat. § 1C-1601(a)(8), which exempts:

> [c]ompensation for personal injury, including compensation from private disability policies or annuities, or compensation for the death of a person upon whom the debtor was dependent for support, but such compensation is not exempt from claims

6

> for funeral, legal, medical, dental, hospital, and health care charges related to the accident or injury giving rise to the compensation.

N.C. Gen. Stat. §1C-1601(a)(8). Looking merely at subsection (a) of N.C. Gen. Stat. § 1C-1601, and assuming that the Civil Action claim falls under the personal injury compensation exemption, it appears that the defendant's setoff claim would be barred. However, subsection (e) of the statute sets forth exceptions applicable to the personal injury compensation exemption, including claims "[f]or child support, alimony or distributive award pursuant to Chapter 50 of the General Statutes." N.C. Gen. Stat. §1C-1601(e)(9). If the Tax Obligation falls under the exception, setoff will be available. But the record before the court does not enable it to determine whether the obligation qualifies as "child support, alimony or [a] distributive award." Inasmuch as this determination is legal in nature, the court will defer ruling on this aspect of the defendant's summary judgment motion pending further briefing by the parties.

## CONCLUSION

The court finds that the defendant may not setoff the Child Support Obligation against the plaintiff's Civil Action claim. Partial summary judgment will be granted to the plaintiff, and denied as to the defendant, with respect to setoff of the Child Support Obligation. The parties shall have fourteen (14) days from the date of this Order to brief the issue of whether the Tax Obligation qualifies as an exception to N.C. Gen. Stat. § 1C-1601.

**SO ORDERED.**

**END OF DOCUMENT**